IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO J. AMARO,

        Plaintiff,

vs.                                                   No. CV 16-0993 KG/JHR

STATE OF NEW MEXICO, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 and 1988, and 28 U.S.C. § 1331 and 1343(3) filed by Plaintiff Pedro J. Amaro (Amaro) on September 2, 2016, ("Complaint"). (Doc. 1). The Court will dismiss Amaro's Complaint for failure to state a claim for relief and as barred by the applicable statutes of limitations.

Amaro's Complaint alleges:

"Numerous instances and/or multiple episodes of Carbon Monoxide exposure/ poisoning of State Prisoners confined at GCCF predate the events Plaintiff Amaro was subjected to as far back as 2007, and possibly earlier – where Carbon Monoxide exposures and/or poisonings seem to be a theme common to GCCF and similarly designed and/or constructed correctional facilities, such as Lea County Correctional Facility at Hobbs, and the North Eastern New Mexico Detention Facility at Clayton, with the commonality between the repetitive events being a malfunction of any 'boiler' and/or its flue as the (boiler/flue) malfunction allows noxious gases (Carbon Monoxide) to escape and accumulate in 'common space' shared with heating /ventilation/A.C. duct-work which is routed to every individual cell, thereby exposing State Prisoners to the toxic fumes."

(Doc. 1 at 17, ¶ 84).

Amaro's Complaint seeks wide-ranging relief, including injunctive relief "against the actual conditions of the plants' inherently flawed architectural design and faulty construction at all private 'for-profit' prison facilities operating in New Mexico," declaratory relief "mandating

structural alterations of the prisons' structural flaws," "legal termination and/or dissolution of all State contracts with all private 'for-profit' prison companies operating in New Mexico," and compensatory, punitive, and hedonic damages." (Doc. 1-1 at 12-14). Documentation provided by Amaro does not provide factual support for his allegations of "numerous instances and/or multiple episodes of Carbon Monoxide exposure/poisoning of State Prisoners . . . as far back as 2007." (Doc. 1 at 17, ¶ 84).

Materials attached to Amaro's Complaint document that one incident of carbon monoxide exposure did occur on December 28, 2012, in Housing Two-B Pod at Guadalupe County Correctional Facility ("GCCF"). All prisoners were evacuated from the Pod, medical examinations and treatment were provided to all affected prisoners, the mechanical failure in the boiler system was repaired, Southwestern Gas Service conducted inspection and testing and determined the areas to be safe and in orderly running condition, and all prisoners were returned to the Pod. (Doc. 1-2 at 5-11). The materials reflect that Amaro filed an informal complaint arising out of that incident on December 29, 2012, (Doc. 1-2 at 1) and a formal grievance on January 14, 2013. (Doc. 1-2 at 6). Amaro also gave a Notice of Claim under the New Mexico Tort Claims Act on December 29, 2014. (Doc. 1-2 at 19). However, Amaro did not file his civil rights Complaint until September 2, 2016. (Doc. 1).

1. **Standards for Failure to State a Claim.**

Amaro is proceeding pro se and *in forma pauperis*. (Doc. 9). The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6), or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

Under Section 1915(e)(2)(B) the court may dismiss the complaint at any time if it determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by Section 1915 permits the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall,* 935 F.2d at 1109. "[T]he authority to 'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Id.* at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual

allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall,* 935 F.2d at 1110.

**2. Amaro May Not Litigate Other Prisoners' Claims.**

Amaro appears to be seeking relief for alleged incidents at facilities where he is not incarcerated and for alleged injuries to other prisoners. (Doc. 1 at ¶ 84). "The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654. [B]ecause *pro se* means to appear for one's self, [however,] a person may not appear on another person's behalf in the other's cause[;] rather, a person must be litigating an interest personal to him." *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011). In *Fymbo v. State Farm Fire and Casualty Co.,* the Tenth Circuit concluded that a litigant may bring his own claims to federal court without counsel, but not the claims of others because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" 213 F.3d 1320, 1321 (10th Cir. 2000), (quoting *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975)); *see also* 7A Wright & Miller, Federal Practice and Procedure: Civil § 1769.1.

Amaro may not assert any claims arising out of alleged injuries to others or seek relief on behalf of other prisoners. To the extent Amaro seeks relief on claims other than his own, the Complaint fails to state a claim for relief and those claims will be dismissed. *Fymbo,* 213 F.3d at 1321.

**3. Amaro's Complaint Fails to State a Claim for Section 1983 Liability.**

Amaro's Complaint states that he is proceeding on a civil rights complaint under 42 U.S.C. §§ 1983, and 1988, and under 28 U.S.C. §§ 1331, and 1343(3). (Doc. 1 at 1). Section 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. *See, Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994)

(stating Section 1983 creates no substantive rights; rather it is means through which plaintiff may seek redress for deprivations of rights established in Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006) (stating claims against state actors for violation of Section 1981 must be brought under 42 U.S.C. § 1983). Therefore, the Court construes Amaro's claims for violation of rights under the Constitution as civil rights claims brought under 42 U.S.C. § 1983.

Counts III, IV, V, VI, and VII of Amaro's Complaint allege civil rights causes of action under 42 U.S.C. § 1983. Although Counts I and II are titled "negligence" claims, both Counts also appear to allege violations of Amaro's Eighth Amendment constitutional rights and may also be construed as civil rights claims under Section 1983. (*See* Doc. 1 at ¶¶ 111, 124). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Iqbal,* 556 U.S. at 676. Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under Section 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the

claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in the original).

To state a claim against a supervisory official, it was not enough for a plaintiff to make indefinite allegations that defendant was in charge of other state actors who actually committed the violation. Instead, the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights. *Serna v. Colorado Dept. of Corrections,* 455 F.3d 1146, 1151 (10th Cir. 2006). To impose Section 1983 liability the plaintiff must establish the supervisor's subordinates violated the Constitution and an affirmative link between the supervisor and the violation. *Id.* To meet this "affirmative link" requirement, a plaintiff must show: (1) personal involvement by the supervisor; (2) sufficient causal connection between the supervisor's personal involvement and the constitutional violation; and (3) a culpable state of mind on the part of the supervisor.

A plaintiff may establish the defendant-supervisor's personal involvement by demonstrating his personal participation in the constitutional violation, his actual exercise of control or direction over the officials in the commission of the violation, his failure to supervise, or his knowledge of the violation and acquiescence in it. *Poolaw v. Marcantel,* 565 F.3d 721, 732-33 (10th Cir. 2009); *Jenkins v. Wood,* 81 F.3d 988, 995 (10th Cir.1996). A defendant supervisor's promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights also may constitute sufficient personal involvement. *See Meade v. Grubbs,* 841 F.2d 1512, 1528 (10th Cir.1988). A plaintiff then must establish the requisite causal connection by showing the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of his constitutional rights. *Poolaw,* 565 F.3d at 732–33; *see also, Snell v. Tunnell,* 920 F.2d 673, 700

(10th Cir. 1990). Last, the plaintiff is required to show the supervisor had a culpable state of mind, meaning "the supervisor acted knowingly or with 'deliberate indifference' that a constitutional violation would occur." *Serna,* 455 F.3d at 1151. *Dodds v. Richardson*, 614 F.3d 1185, 1194–96 (10th Cir. 2010).

In his Complaint, Amaro names:

"Unknown/Unidentified "John and Jane Doe Defendants, such as "[a]ll Unknown/Unidentified 'John Does' and/or 'Jane Does' acting or having acted in the place and/or stead of 'legal counsel' to/for the State of New Mexico having knowledge and/or advising State Officials regarding the exposures and/or poisonings of State Prisoners . . . ," "[a]ll John/Jane Does acting or having acted in the position or role of 'Grievance Lt.' or 'Grievance Officer/Tech' in GCCF's 'Grievance Department,'" and "[t]he Unknown/Unidentified builder(s)/constructor(s) of the physical plant commonly known as 'Guadalupe County Correctional Facility' (GCCF), located at Santa Rosa, New Mexico together with the actual owners of any building/construction company."

(*See* Doc. 1 at 1-5).

Generalized statements and conclusions without actual identification of individuals and specific factual allegations of who did what to whom, are insufficient to state a claim upon which relief can be granted. *Iqbal,* 556 U.S. at 676; *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Amaro's generalized allegations against Unknown and Unidentified or John/Jane Doe defendants are factually insufficient to state a claim and must be dismissed. *Twombly*, 550 U.S. at 555.

Amaro names numerous individuals as Defendants, including:

Current and former New Mexico Governors Susana Martinez and Bill Richardson, current and former New Mexico Attorneys General Hector Balderas and Gary R. King, Corrections officials Gregg Marcantel, Joe Williams, Jerry Roark, Larry A. Phillips, and Tim Le Master, Corrections Department health officials Angela M. Martinez, Y. Rivera, and Ms. Chavez, Geo Group employees George Zoley, John J. Bulfin, Norman A. Carlson, Juie Myers Wood, David Venturella, John Jurley, Anne Foreman, and Joe R. Williams, and Guadalupe County Correctional Facility officials Warden V. Hatch, Warden G. Morris, Warden G. Chavez, Warden Ulibarri, Warden E. Bravo, Warden J. Johnson, Warden Hatch, Warden Forster, Warden Garnand, Warden Beaird, Major P. Aragon, Major G. Morris, Major J. Johnson, Major "Resnick", Lt. G. Chavez, Lt. Krystle Rivera, and Lt. Jessica Rodgers a/k/a Lt. Jessica Vigil, and Corizon employees Kathy Armijo, Lisa Staber, M.D.

(Doc. 1 at 1-5, 7-16).

Although he identifies specific individuals, specifies their official positions, and generally alleges that they acted under color of law, he makes almost no factual allegations of any act or omission by any individual defendant. To the extent he does allege individual conduct, such as conduct by Lt. Vigil in ordering evacuation of H-2 B-Pod (Doc. 1 at 24), he does not allege how the acts of that individual constituted a deprivation of a right secured by the Constitution. The allegations of the Complaint are insufficient to state any plausible Section 1983 claim against any named individual defendant. *Iqbal,* 556 U.S. at 676; *Robbins v. Oklahoma,* 519 F.3d at 1249-50; *Twombly,* 550 U.S. at 570.

Further, to the extent he seeks to impose supervisory liability on any individual defendant, he fails to allege a causal connection by showing that any defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of his constitutional rights. *Poolaw,* 565 F.3d at 732–33; *see also, Snell,* 920 F.2d at 700. Nor does he allege that any "supervisor acted knowingly or with 'deliberate indifference' that a constitutional violation would occur." *Serna,* 455 F.3d at 1151; *Richardson*, 614 F.3d at 1194–96.

Last, Amaro names the State of New Mexico as a Defendant. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under Section 1983. Further, any claims against State officers in their official capacity are also claims against the State. Although Amaro does not specify the extent to which he brings claims against the State officers in their official capacities, those are claims against the State of New Mexico. The claims against the State of New Mexico and any official capacity claims against

State officers do not state any claim for relief under Section 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

**4. Amaro's Claims are Barred by the Statutes of Limitations.**

Even if his Complaint did allege a plausible claim for relief against any individual, Amaro's Section 1983 claims, as well as any negligence claims under the New Mexico Tort Claims Act, are barred by the applicable statutes of limitations. Amaro asserts civil rights claims under 42 U.S.C. §§ 1983 in Counts III, IV, V, VI, and VII, and, to the extent he alleges negligence, state tort claims under NMSA 1978, § 41-4-21, *et seq.* (Repl. Pamp. 1996), in Counts I and II. (Doc. 1 at 20-31; Doc. 1-1 at 1-11). A pleading may be subject to dismissal when an affirmative defense, such as statute of limitations, appears on the face of the complaint or petition. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009).

Civil rights claims arising in New Mexico under Section 1983 are governed by the three-year personal injury statute of limitations contained in NMSA 1978, § 37-1-8 (Repl. Pamp. 1990). *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014). A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause. *Id.* at 1216. The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. *Wallace v. Kato,* 549 U.S. 384, 391 (2007); *Harvey v. United States,* 685 F.3d 939, 949 (10th Cir. 2012). The applicable statute of limitations for Amaro's claims under Section 1983 is the three-year statute of limitations of NMSA 1978, § 37-1-8.

In addition to his Section 1983 civil rights claims, Amaro also alleges state law claims against the Defendants for (1) Negligent Operation of a Medial Facility and (2) Negligent

Operation of a Correctional Facility. (Doc. 1, Counts I and II). Because his negligence claims are made against governmental entities and public officials, those claims are governed by the New Mexico Tort Claims Act (NMTCA). *See* NMSA 1978, § 41-4-2. The statute of limitations applicable to state tort claims against governmental entities and officials is two years under the Tort Claims Act. NMSA 1978, § 41-4-15. The two-year statute of limitations begins to run on the date of the occurrence of the injury. NMSA 1978, § 41-4-15. Amaro's state law claims are subject to the two-year statute of limitations of Section 41-4-15.

With one exception, all of Amaro's allegations relate to events occurring more than three years prior to the filing of his Complaint. Amaro alleges that he and others were subjected to carbon monoxide exposure or experienced carbon monoxide-related symptoms "as far back as 2007," and on December 28, 2012, January 4, 2013, January 19, 2013, and January 21, 2013. (Doc. 1 at 17-19). Amaro's Complaint was filed on September 2, 2016, more than three and one-half years later. Moreover, the attachments to his Complaint, including his grievances filed in January, 2013, establish that Amaro knew of his claimed injury and its cause no later than January, 2013. (Doc. 1-2 at 1-11). Therefore, the statute of limitations on any claims under the NMTCA ran no later than January, 2015, and the limitations period for his Section 1983 claims similarly expired in January 2016. *Varnell,* 756 F.3d at 1216; NMSA 1978, § 41-4-15.

Amaro does allege that "[o]n February 6, 2014, Plaintiff Amaro was again filmed via hand-held audio/video recorder as 'sick'—pale/wane, vomiting, and otherwise mentally affected and/or neurologically distressed/disoriented." (Doc. 1 at 19, ¶ 101). Amaro does not allege, nor do the supporting documents show, an event of exposure to carbon monoxide on that date but, instead, appear to allege that he experienced ongoing symptoms of exposure. *See also,* Doc. 1 at ¶ 98 ("Plaintiff Amaro suffered varying degrees of symptoms of Carbon Monoxide

exposure/poisoning (such as nausea, vomiting, light-headed-ness, dizziness, shortness of breath, headaches, eye irritations, nasal irritations, etc) on the additional dates of . . . February 6, 2014"). Amaro's allegations of ongoing physical consequences of prior exposure do not toll or otherwise extend the limitations period. *Mata v. Anderson,* 635 F.3d 1250, 1253 (10th Cir. 2011) (tolling is triggered by continual unlawful acts, not continual ill effects from original violation). Further, to the extent he asserts negligence claims under the NMTCA, claims arising out of any event occurring on February 6, 2014, would still be barred by the two-year statute of limitations. *Varnell,* 756 F.3d at 1216.

Amaro may possibly have been able to present a plausible claim arising out of the December 28, 2012, incident. However, Amaro chose to sit on his legal rights. *Ingram v. Pre-Paid Legal Servs., Inc.,* 4 F. Supp. 2d 1303, 1311 (10th Cir. 1998)(civil rights plaintiff may not sit on his legal rights). All of the events giving rise to Amaro's claims occurred more than three years prior to the filing of his Complaint. Further, the record establishes that Amaro knew of his alleged injury and its cause more than three years prior to submission of his claims to the Court. *Wallace,* 549 U.S. at 391. Therefore, all of Amaro's claims are barred by the two-year statute of limitations of the NMTCA and the three-year statute of limitations governing Section 1983 claims.

**5. An Opportunity to Amend Would be Futile.**

In deciding whether to dismiss the complaint, in whole or in part, a court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall,* 935 F.2d at 1109. An amendment is futile if the amended

claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court will dismiss Amaro's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. *Hall,* 935 F.2d at 1109. Amaro's claims are barred by the statute of limitations and any amendment of those claims would also be subject to immediate dismissal.

### 6. Amaro's Pending Motions.

Also pending before the Court is Amaro's Motion for Summary Judgment (Doc. 9). Because Amaro's Complaint fails to state a claim for relief and his claims are barred by the statute of limitations, Amaro fails to establish that he is entitled to judgment as a matter of law under Fed. R. Civ. P. 56. Therefore, the Court denies his Motion for Summary Judgment.

Amaro also has filed a second letter motion seeking appointment of counsel. (Doc. 19). The Court previously denied his first motion for appointment of counsel, (*see* Doc. 11), and will deny his second letter motion on the same grounds.

## CONCLUSION

Using the Section 1915(e)(2)(B), Section 1915(e)(2)(B) standard, the allegations of Amaro's Complaint fail to state any plausible claim for relief under 42 U.S.C. § 1983. Further, even if the allegations did state a claim for relief under either Section 1983 or the NMTCA, all of his claims are barred by the applicable statutes of limitations.

**IT IS ORDERED:**

(1) Amaro's Motion for Summary Judgment (Doc. 9) is **DENIED**;

(2) Amaro's letter motion for appointment of counsel (Doc. 19) is **DENIED**; and

(3) Amaro's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, and 1988, and 28 U.S.C. § 1331, and 1343(3) (Doc. 1) is **DISMISSED** for failure to state a claim and as barred by the applicable statutes of limitations.

_____
UNITED STATES DISTRICT JUDGE