IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PEDRO J. AMARO,

    Plaintiff,

vs.                                                                             No. CV 16-00993 KG/JHR

STATE OF NEW MEXICO, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION**

THIS MATTER is before the Court on the Motion for Reconsideration filed by Plaintiff Pedro J. Amaro on October 2, 2017 (Doc. 33). The Court will deny Amaro's request for reconsideration.

Plaintiff Amaro filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 and 1988, and 28 U.S.C. § 1331 and 1343(3) on September 2, 2016 ("Complaint"). (Doc. 1). Amaro's Complaint alleged numerous instances and/or multiple episodes of carbon monoxide exposure/poisoning of prisoners confined at Guadalupe County Correctional Facility dating as far back as 2007. (Doc. 1 at 17, ¶ 84). Amaro's Complaint sought wide-ranging relief, including injunctive relief "against the actual conditions of the plants' inherently flawed architectural design and faulty construction at all private 'for-profit' prison facilities operating in New Mexico," declaratory relief "mandating structural alterations of the prisons' structural flaws", "legal termination and/or dissolution of all State contracts with all private 'for-profit' prison companies operating in New Mexico," and compensatory, punitive, and hedonic damages." (Doc. 1-1 at 12-14). Documentation provided by Amaro did not provide factual support for his

allegations of "numerous instances and/or multiple episodes of Carbon Monoxide exposure/poisoning of State Prisoners . . .as far back as 2007." (Doc. 1 at 17, ¶ 84).

The Court dismissed all claims alleged in Amaro's Complaint and entered Judgment on September 15, 2017. (Doc. 27, 28). The Court concluded that, using the 28 U.S.C. § 1915(e)(2)(B) standard, the allegations of Amaro's Complaint failed to state any plausible claim for relief under 42 U.S.C. § 1983. (Doc. 27 at 4-9) Further, even if the allegations did state a claim for relief under either § 1983 or the New Mexico Tort Claims Act, all of his claims are barred by the applicable statutes of limitations. (Doc. 27 at 9-12).

Plaintiff Amaro filed his Motion for Reconsideration of the Court's dismissal on October 2, 2017. (Doc. 33). On October 10, 2017, Amaro also filed a Notice of Appeal, appealing the Court's ruling to the Tenth Circuit Court of Appeals. (Doc 34). Because Amaro's Motion for Reconsideration was filed within twenty-eight days after entry of Judgment, the Court will treat the Motion for Reconsideration as a timely motion to alter or amend judgment under Fed.R.Civ. P. 59(e).

Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Amaro does not rely on any intervening change in the controlling law or new evidence that was previously unavailable. Instead, he appears to argue that reconsideration should be granted to correct clear error or prevent manifest injustice. *See* Doc. 33 at 1 (asserting "erroneous interpretation of the facts alleged by Plaintiff Amaro" and "grave misunderstanding of the action"). In his Motion, Amaro seeks reconsideration on two grounds: (1) that the Court's Memorandum Opinion and Order dismissing his case is inconsistent with the Court's prior orders and determinations; and (2) that the running of the statute of limitations on his claims was tolled by the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"). (Doc. 33 at 1). Neither of Amaro's arguments afford him a basis for relief under Fed. R. Civ. P. 59(e).

Amaro's first argument rests on a misunderstanding of the PLRA. First, Amaro contends that 28 U.S.C. § 1915A requires that the Court perform a screening of the complaint prior to docketing and speculates that because the Court docketed his Complaint, the Court must have made a determination that the complaint was not subject to dismissal. (Doc. 33 at 1-2. However, § 1915A provides that "[t]he court shall review, before docketing, *if feasible* . . .a complaint in a civil action in which a prisoner seeks redress." 28 U.S.C. § 1915A(a) (emphasis added). The PLRA does not require the Court to determine whether it will dismiss a prisoner complaint prior to docketing. To the contrary, the statute provides that "the court ***shall dismiss the case at any time*** if the court determines that . . .the action . . .fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2) (emphasis added).

Amaro also claims, without authority, that in order to proceed *in forma pauperis*, "the petitioner must satisfy the court that at least one claim in the petition is not frivolous." He contends that, since the Court granted his application to proceed *in forma pauperis*, the Court must again, have found that his claims are not subject to dismissal. (Doc. 33 at 2). In ruling on

3

an application to proceed *in forma pauperis* under 28 U.S.C. § 1915 the Court must make a determination "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). When the Court grants *in forma pauperis* status, it only determines a prisoner's financial inability to pay fees or costs and does not pass upon the merits of the prisoner's claims. The Court's dismissal on the grounds that Amaro's Complaint fails to state a claim for relief was not inconsistent with the Court's docketing of the case, granting of *in forma pauperis* status, or any other prior decision, and is required by § 1915(e)(2).

Second, Plaintiff Amaro seeks reconsideration on the grounds that his claims should not be time-barred because he was required to exhaust his prison grievance remedies prior to bringing suit. (Doc. 33 at 8-9). Amaro argues correctly that the time spent exhausting prison administrative remedies may toll the running of the statute of limitations for purposes of § 1983. *See Roberts v. Barreras,* 484 F.3d 1236, 1240-1242 (10th Cir. 2007). Amaro selects, without any actual documentary support, a date of October 2, 2014, as the date on which he exhausted his prison remedies. (Doc. 33 at 9).[1] However, the record shows that the prison grievance system was exhausted when the New Mexico Department of Corrections denied Amaro's grievance on April 8, 2013. (Doc. 1-2 at 11). Even if the running of the statute of limitations was tolled until April 8, 2013, Amaro's Complaint still was not filed until August 30, 2016, more than three years after completion of the grievance process.

Nor does the Notice of Claim filed by Amaro in 2014 serve to toll the running of the limitations period. (Doc. 1-3 at 16-32). The Notice of Claim is a statutory precondition to the filing of a tort action under the New Mexico Tort Claims Act, not a part of the prison grievance

---

[1] Amaro claims to have filed an informal complaint and an inmate grievance in 2014, but, unlike documentation he provides of his 2013 grievance, he attaches only blank "example" forms. (Doc. 33 at 7, 26-27).

4

system. See N.M.Stat.Ann. § 41-4-16 (1978). Even tolling the limitations period until he had exhausted his prison grievance remedies, Amaro waited more than three years to file his § 1983 action and his claims are time-barred. N.M.Stat.Ann. § 37-1-8 (1978); *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014).

Moreover, although Amaro requests reconsideration of the Court's conclusion that his claims are time-barred, he does not contest the Court's determination that his Complaint fails to state a § 1983 claim for relief. Even if Amaro's claims were not time-barred, as the Court concluded in its Memorandum Opinion and Order, Amaro's Complaint fails to state a plausible claim against any individual official or entity. (Doc. 27 at 4-9).

In his Complaint, Plaintiff Amaro makes only generalized allegations against countless "Unknown/Unidentified John and Jane Doe" Defendants. Plaintiff Amaro's generalized allegations against Unknown and Unidentified or John/Jane Doe defendants are factually insufficient to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009); *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008). To the extent Amaro identifies specific individual officials, he makes almost no factual allegations of any act or omission by any individual defendant, nor does he allege how the acts of any individual constituted a deprivation of a right secured by the Constitution. He similarly fails to allege facts showing that any supervisor acted knowingly or with 'deliberate indifference' that a constitutional violation would occur." *Serna v. Colorado Dept. of Corrections,* 455 F.3d 1146, 1151, 1154 (10th Cir. 2006); *Dodds v. Richardson*, 614 F.3d 1185, 1194–96 (10th Cir. 2010). The allegations of Amaro's Complaint are insufficient to state any plausible § 1983 claim against any named individual official. *Ashcroft v. Iqbal,* 556 U.S. at 676; *Robbins v. Oklahoma,* 519 F.3d at 1249-50. *Twombly,* 550 U.S. at 570.

Plaintiff Amaro does not establish any basis for the Court to reconsider its ruling under Rule 59(e). The Court properly dismissed Amaro's Complaint as mandated by 28 U.S.C. § 1915(e) and Amaro has not shown any need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). Amaro's Motion for Reconsideration will be denied.

**IT IS ORDERED** that the Motion for Reconsideration filed by Plaintiff Pedro J. Amaro on October 2, 2017 (Doc. 33) is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE