# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PEDRO J. AMARO,

       Plaintiff,

vs.                                                                              No. CV 16-0993 KG/JHR

STATE OF NEW MEXICO, et al.,

       Defendants.

## ORDER GRANTING LEAVE TO AMEND

**THIS MATTER** is before the Court on the Mandate of the United States Court of Appeals for the Tenth Circuit. (Doc. 62-1). On September 15, 2017, the Court entered its Memorandum Opinion and Order dismissing all of Plaintiff Pedro J. Amaro's claims in this case. (Doc. 27). Plaintiff Amaro appealed the Court's ruling to the Tenth Circuit Court of Appeals on September 28, 2017. (Doc. 34). After taking his appeal, Amaro also filed a Motion for Amendment of Complaint on October 24, 2017. (Doc. 39). The Tenth Circuit entered its Order and Judgment on Amaro's appeal on June 13, 2018. (Doc. 62-1).

In its Order and Judgment, the Tenth Circuit affirmed this Court's rulings dismissing:

"(1) all claims against the State of New Mexico;
(2) any claims of damages suffered by other prisoners;
(3) all requests for relief at prisons where Plaintiff was not and is not incarcerated;
(4) all claims premised on the December 2012 or January 2013 incidents or the grievance process associates with those incidents; and
(5) any claims for damages against state officials in their official capacities."

(Doc. 62-1 at 12). The Tenth Circuit also affirmed this Court's conclusion that Plaintiff's claims against individual state officials and prison employees for an alleged February 2014 incident and related grievance proceeding are not currently alleged with sufficient individual specificity to state a valid claim, but reversed dismissal of those claims with instructions for this Court to

1

provide Plaintiff an opportunity to amend his complaint to remedy the pleading deficiency. (Doc. 62-1 at 12).

On the mandate of the Tenth Circuit, the Court will grant Plaintiff Amaro a reasonable opportunity to remedy the defects in his pleading. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Plaintiff Amaro will have thirty (30) days from the date of entry of this Order in which to file an amended complaint. The amended complaint must be limited to Plaintiff's claims against individual state officials and prison employees for an alleged February 2014 incident and related grievance proceeding. Plaintiff Amaro may not re-assert any other claims previously dismissed by the Court.

Plaintiff's amended complaint should be concise and may raise only facts and issues relevant to his allegations of unconstitutional conduct arising out of the alleged February 2014 incident and related grievance proceeding. The amended complaint must include all the allegations and supporting material to be considered by the court, and it may not reference or attempt to incorporate material from plaintiff's original complaint. *See* Local Rule 9.2(c). Plaintiff is to refrain from including unsupported speculation, he must limit the amended complaint to claims that directly concern him, and he may not discuss issues concerning other people. He is to avoid lengthy or irrelevant background information or other excessively long narratives.

Further, Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,*

519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Generalized allegations against "defendants", without identification of actors and conduct that caused the deprivation of a constitutional right, do not state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The amended complaint must state the facts of each separate claim and why Plaintiff believes his constitutional rights were violated. He should include identities of individual defendants and their official positions, a description of their actions, and relevant dates, if available. If Plaintiff fails to file an amended complaint or files an amended complaint that does not comply with these directions, the Court may dismiss this action with prejudice and without further notice.

**IT IS ORDERED:**

(1) Plaintiff Pedro J. Amaro is granted leave to file one amended complaint that complies with this Order within thirty (30) days of entry of the Order;

(2) Plaintiff's Motion for Amendment of Complaint (Doc. 39) is **DISMISSED** as moot in light of this Order.

_____
UNITED STATES DISTRICT JUDGE