IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO J. AMARO,

        Plaintiff,

vs.                                                               No. CV 16-00993 KG/JHR

SUSANA MARTINEZ, GOVERNOR FOR THE
STATE OF NEW MEXICO, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Fed. R. Civ. P. 41(b) on the Amended Civil Rights Complaint filed by Pedro J. Amaro (Doc. 69). The Court will dismiss the Amended Complaint without prejudice for failure to comply with the Court's Order and with the Federal Rules of Civil Procedure.

Plaintiff Pedro J. Amaro is a prisoner in state custody serving a life sentence for First Degree Murder, Tampering With Evidence, and Burglary. (*Amaro v. Horton,* No. CV 17-00898 WJ/LF, Doc. 10 at 1). He filed his original Civil Rights Complaint in this Court. (Doc. 1). In his Complaint, he sought wide-ranging relief, including injunctive relief "against the actual conditions of the plants' inherently flawed architectural design and faulty construction at all private 'for-profit' prison facilities operating in New Mexico," declaratory relief "mandating structural alterations of the prisons' structural flaws", "legal termination and/or dissolution of all State contracts with all private 'for-profit' prison companies operating in New Mexico," and compensatory, punitive, and hedonic damages." (Doc. 1-1) at 12-14. The Court dismissed the Complaint on the grounds that it failed to state a plausible §1983 claim for relief and was barred by the applicable statute of limitations. (Doc. 27).

1

On September 15, 2017, the Court entered its Memorandum Opinion and Order dismissing all of Plaintiff Pedro J. Amaro's claims in this case. (Doc. 27). Plaintiff Amaro appealed the Court's ruling to the Tenth Circuit Court of Appeals on September 28, 2017. (Doc. 34). After taking his appeal, Amaro also filed a Motion for Amendment of Complaint on October 24, 2017. (Doc. 39). The Tenth Circuit entered its Order and Judgment on Amaro's appeal on June 13, 2018. (Doc. 62-1).

In its Order and Judgment, the Tenth Circuit affirmed this Court's rulings dismissing:

(1) all claims against the State of New Mexico;
(2) any claims of damages suffered by other prisoners;
(3) all requests for relief at prisons where Plaintiff was not and is not incarcerated;
(4) all claims premised on the December 2012 or January 2013 incidents or the grievance process associates with those incidents; and
(5) any claims for damages against state officials in their official capacities.

(Doc. 62-1) at 12. The Tenth Circuit also affirmed this Court's conclusion that Plaintiff's claims against individual state officials and prison employees for an alleged February 2014 incident and related grievance proceeding are not currently alleged with sufficient individual specificity to state a valid claim, but reversed dismissal of those claims with instructions for this Court to provide Plaintiff an opportunity to amend his complaint to remedy the pleading deficiency. (Doc. 62-1) at 12.

On the mandate of the Tenth Circuit, the Court granted Plaintiff Amaro a reasonable opportunity to remedy the defects in his pleading. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The Court instructed Amaro that the amended complaint must be limited to Plaintiff's claims against individual state officials and prison employees for an alleged February 2014 incident and related grievance proceeding, and Plaintiff Amaro may not re-assert any other claims previously dismissed by the Court. (Doc. 64). The Court's Order stated:

Plaintiff's amended complaint should be concise and may raise only

facts and issues relevant to his allegations of unconstitutional conduct arising out of the alleged February 2014 incident and related grievance proceeding. The amended complaint must include all the allegations and supporting material to be considered by the court, and it may not reference or attempt to incorporate material from plaintiff's original complaint. *See* Local Rule 9.2(c). Plaintiff is to refrain from including unsupported speculation, he must limit the amended complaint to claims that directly concern him, and he may not discuss issues concerning other people. He is to avoid lengthy or irrelevant background information or other excessively long narratives. Further, Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Generalized allegations against "defendants", without identification of actors and conduct that caused the deprivation of a constitutional right, do not state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The amended complaint must state the facts of each separate claim and why Plaintiff believes his constitutional rights were violated. He should include identities of individual defendants and their official positions, a description of their actions, and relevant dates, if available. If Plaintiff fails to file an amended complaint or files an amended complaint that does not comply with these directions, the Court may dismiss this action with prejudice and without further notice.

(Doc. 64) at 2-3.

Rather than filing an amended complaint that complied with the Court's Order, Amaro objected to the Order. (Doc. 65). In his Objections, Amaro claimed that the Court's Order was "overly strict." The Court overruled Amaro's objections and granted him an additional 30 days in which to file his amended complaint. (Doc. 67). In overruling Amaro's objections, the Court again notified Amaro that his amended complaint needed to set out a short, plain statement of his claims that complied with Fed. R. Civ. P. 8. (Doc. 67) at 1. The Order also reiterated that Amaro could not reassert any claims that were previously dismissed and the dismissal was affirmed by the Tenth Circuit. (Doc. 67) at 2.

Plaintiff Amaro then filed his Amended Complaint. (Doc. 69). Far from complying with the Court's Orders, Plaintiff Amaro's Amended Complaint is 144 pages long. (Doc. 69). He names in excess of 300 defendants, up to and including "the owners of the real property bearing the street address of 1039 Agua Negra Rd, Santa Rosa, New Mexico." (Doc. 69) at 57-58. The allegations expressly include official capacity claims and claims against defendants that were previously dismissed by this Court. (*See, e.g.,* Doc. 69 at 7, 9, 10). He asserts 39 claims covering a 10-year period (Doc. 69 at 63, 60-141) and makes generalized allegations such as:

> but for negligent staffing of respective state departments by Cabinet Secretaries, NMCD, DOH, and HSD would have been adequately staffed by quality personnel who were properly hired, credentialed, trained, and supervised...

(Doc. 69) at 71. In his request for relief, he again seeks injunctive relief, declaratory relief, agency commitment to staff training and discipline, reform of conditions and attitudes endemic to the current correctional culture, legal termination or dissolution of the State's contracts with GEO Group and/or Centurion, various compensatory damages, punitive damages, hedonic damages, court costs and related costs/fees, and judicial discharge of his current sentence. (Doc. 69) at 141-142.

The Court takes notice that Amaro has a pattern of making grossly overbroad and unsupported claims. In *Amaro v. Horton*, No. CV 17-00898 WJ/LF, Amaro filed a habeas corpus petition under 28 U.S.C. § 2254 seeking to have all criminal convictions by New Mexico's Ninth Judicial District Court from 1979 through 2013 set aside and all convicted prisoners released from custody.

Rule 12(e) of the Federal Rules of Civil Procedure permits the Court to dismiss, strike, or order a more definite statement where a complaint is so vague or ambiguous that an opposing party cannot reasonably prepare a response. Fed. R. Civ. P. 12(f) provides that the Court may strike

from a pleading any redundant, immaterial, impertinent, or scandalous matter.  Rule 8 requires that a complaint set out a short, plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a).  Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1).

The Court is not required to sort through voluminous, vague allegations to try to identify Plaintiff's cause of action.  A *pro se* complaint may be stricken or dismissed under Rule 8(a) if it is "incomprehensible."  *See Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir.1996); *Olguin v. Atherton*, 215 F.3d 1337 (10th Cir. 2000).  Rule 8(a)'s purpose is to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the Court.  *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007); *Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir.1989).  Imprecise pleadings undermine the utility of the complaint and violate that purpose of Rule 8. *See Knox v. First Security Bank of Utah,* 196 F.2d 112, 117 (10th Cir. 1952). Rambling and incomprehensible filings bury material allegations in "a morass of irrelevancies" and do not meet Rule 8(a)'s pleading requirement of a "short and plain statement." *Mann,* 477 F.3d at 1148; *Ausherman v. Stump,* 643 F.2d 715, 716 (10th Cir.1981).

Moreover, a plaintiff may not seek to amend a complaint in a manner that turns the complaint into a "moving target." It is unreasonable to expect the Court or the defendants continually to have to adapt as the plaintiff develops new theories or locates new defendants. There comes a point when even a *pro se* plaintiff has had sufficient time to investigate and to properly frame his claims against specific defendants. *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006).  Plaintiff was given precise instructions and the opportunity to frame his claims against specific defendants   Plaintiff's rambling, voluminous filing does not comply with the

requirements of Rule 8. Plaintiff's filing buries any material allegations in "a morass of irrelevancies" and does not meet Rule 8(a)'s "short and plain statement" pleading requirement. *Mann,* 477 F.3d at 1148; *Ausherman,* 643 F.2d at 716; *Minter,* 451 F.3d at 1206.

*Pro se* litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with statutes or rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003).

Plaintiff Amaro has deliberately failed to comply with the Court's Orders, failed to comply with Fed. R. Civ. P. 8 and 11, and failed to prosecute this action. The Court may dismiss this action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, to comply with statutes, and to comply with court orders. *Olsen*, 333 F.3d at 1204, n. 3. The Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with rules and Court Orders and failure to prosecute this proceeding. The Court's dismissal is without prejudice. If Plaintiff Amaro believes he has civil rights claims, he may institute a new case by filing a new complaint that complies with the requirements of Fed. R. Civ. P. 8 and 11 and paying the filing fee or qualify to proceed *in forma pauperis* under 28 U.S.C. § 1915.

IT IS ORDERED that the Amended Civil Rights Complaint filed by Pedro J. Amaro (Doc. 69) is DISMISSED without prejudice under Fed. R. Civ. P. 41(b) and a final judgment of dismissal without prejudice will be entered closing this civil case.

_____
UNITED STATES DISTRICT JUDGE