IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO J. AMARO,

    Plaintiff,

vs.                                            No. CV 16-00993 KG/JHR

SUSANA MARTINEZ, GOVERNOR OF THE
STATE OF NEW MEXICO, et al.,

    Defendants.

## ORDER DENYING APPLICATION TO PROCEED ON APPEAL IN FORMA PAUPERIS AND 28 U.S.C. § 1915(a)(3) CERTIFICATION

THIS MATTER is before the Court on Plaintiff Pedro Amaro's Application to Proceed in District Court Without Prepaying Fees or Costs filed May 21, 2020. (Doc. 73). To the extent Amaro's petition for writ of mandamus qualifies as an appeal for purposes of Fed. R. App. P. 24, the Court determines that no appeal has been taken in good faith and denies the Application to Proceed.

Amaro seeks to proceed on appeal without prepayment of fees or costs under 28 U.S.C. § 1915. Section 1915(a)(3) states that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." For purposes of § 1915(a)(3), a good faith appeal is one that presents a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. *Caravalho v. Pugh,* 177 F.3d 1177, 1179 (10th Cir. 1999). Amaro has not filed an appeal in this Court. Instead, he has filed a Petition for Writ of Mandamus in the United States Court of Appeals for the Tenth Circuit. His Application to Proceed specifies that

the issue he intends to raise on appeal is the Court's failure to proceed as directed by the Tenth Circuit Court of Appeals. (Doc. 73) at 1.

The Court dismissed Amaro's original Complaint on the grounds that it failed to state a plausible §1983 claim for relief and was barred by the applicable statute of limitations. (Doc. 27). Plaintiff Amaro appealed the Court's ruling to the Tenth Circuit Court of Appeals on September 28, 2017. (Doc. 34). The Tenth Circuit entered its Order and Judgment on Amaro's appeal on June 13, 2018. (Doc. 62-1).

In its Order and Judgment, the Tenth Circuit affirmed this Court's rulings dismissing:

(1) all claims against the State of New Mexico;
(2) any claims of damages suffered by other prisoners;
(3) all requests for relief at prisons where Plaintiff was not and is not incarcerated;
(4) all claims premised on the December 2012 or January 2013 incidents or the grievance process associates with those incidents; and
(5) any claims for damages against state officials in their official capacities.

(Doc. 62-1) at 12. The Tenth Circuit also affirmed this Court's conclusion that Plaintiff's claims against individual state officials and prison employees for an alleged February 2014 incident and related grievance proceeding are not currently alleged with sufficient individual specificity to state a valid claim, but reversed dismissal of those claims with instructions for this Court to provide Plaintiff an opportunity to amend his complaint to remedy the pleading deficiency. (Doc. 62-1) at 12.

On the mandate of the Tenth Circuit, the Court granted Plaintiff Amaro a reasonable opportunity to remedy the defects in his pleading. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The Court instructed Amaro that the amended complaint must be limited to Plaintiff's claims against individual state officials and prison employees for an alleged February 2014 incident and related grievance proceeding, and Plaintiff Amaro may not re-assert any other claims previously dismissed by the Court. (Doc. 64). The Court's Order required Amaro to

comply with the short, plain pleading requirements of Fed. R. Civ. P. 8 and advised him what was needed to state a civil rights claim for relief. (Doc. 64) at 2-3.

Rather than filing an amended complaint that complied with the Court's Order, Amaro objected to the Order. (Doc. 65). In his Objections, Amaro claimed that the Court's Order was "overly strict." The Court overruled Amaro's objections and granted him an additional 30 days in which to file his amended complaint. (Doc. 67). In overruling Amaro's objections, the Court again notified Amaro that his amended complaint needed to set out a short, plain statement of his claims that complied with Fed. R. Civ. P. 8. (Doc. 67) at 1. The Order also reiterated that Amaro could not reassert any claims that were previously dismissed and the dismissal was affirmed by the Tenth Circuit. (Doc. 67) at 2.

Plaintiff Amaro then filed his Amended Complaint. (Doc. 69). Far from complying with the Court's Orders, Plaintiff Amaro's Amended Complaint is 144 pages long. (Doc. 69). He names in excess of 300 defendants, up to and including "the owners of the real property bearing the street address of 1039 Agua Negra Rd, Santa Rosa, New Mexico." (Doc. 69) at 57-58. The allegations expressly include official capacity claims and claims against defendants that were previously dismissed by this Court. *See, e.g.,* (Doc. 69) at 7, 9, 10. He asserts 39 claims covering a 10-year period. (Doc. 69) at 63, 60-141.

In his mandamus petition filed in the Tenth Circuit, Amaro contends that this Court failed to comply with the Tenth Circuit's Mandate. However, contrary to Amaro's contentions, the Court fully complied with the Tenth Circuit's rulings and afforded Amaro the opportunity to file a viable civil rights complaint. Rather than take that opportunity, Amaro deliberately chose to disregard the Court's Orders and filed an Amended Complaint that violates the Rules of Civil Procedure and the Court's Orders. To the extent Amaro's mandamus petition may be considered to be an appeal,

the Court concludes that Amaro does not make any nonfrivolous argument on the law and facts to support any argument on appeal that the Court's rulings were in error. *Caravalho v. Pugh,* 177 F.3d at 1179.  The Court will deny his Application.

Under Fed. R. App .P. 24(a)(4), the Court will direct the Clerk to notify the Court of Appeals of this denial of Amaro's Application to Proceed under § 1915 and certification that the appeal is not taken in good faith.  Amaro is advised that he may file a motion for leave to proceed on appeal *in forma pauperis* with the United States Court of Appeals for the Tenth Circuit within thirty (30) days after service of this Order.  Fed. R. App. P. 24(a)(5).

IT IS ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs filed May 21, 2020, (Doc. 73) is DENIED, the Court CERTIFIES that the appeal is not taken in good faith, and the Court DIRECTS the Clerk to notify the Court of Appeals of this denial and certification.

_____
UNITED STATES DISTRICT JUDGE