IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEDRO J. AMARO,

        Plaintiff,

vs.                                            No. CV 16-0993 KG/JHR

SUSANA MARTINEZ, GOVERNOR FOR THE
STATE OF NEW MEXICO, et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND ORDER PURSUANT TO RULE 60(b) FEDERAL RULES OF CIVIL PROCEDURE

THIS MATTER is before the Court on Plaintiff's Motion for Relief from Judgment and Order Pursuant to Rule 60(b) Federal Rules of Civil Procedure filed by Plaintiff Pedro J. Amaro. (Doc. 79). The Court will deny the Motion for Relief from Judgment.

The procedural history of this case is set out in the Court's Memorandum Opinion and Order dismissing Plaintiff's Amended Complaint and will not be repeated here. *See* Doc. 75 at 1-4. The Court entered its Memorandum Opinion and Order dismissing the Amended Complaint without prejudice under Fed. R. Civ. P. 41(b) on May 28, 2020. (Doc. 75). The Court also entered final Judgment on the dismissal on May 28, 2020. (Doc. 77). Amaro filed Plaintiff's Motion for Relief from Judgment and Order Pursuant to Rule 60(b) Federal Rules of Civil Procedure on June 30, 2020. (Doc. 79).

Plaintiff's Motion is brought under Fed. R. Civ. P. 60(b). Plaintiff claims entitlement to relief under Rule 60(b) based on inadvertence or mistake of the Court. (Doc. 79 at 1). He asserts

the Court inadvertently overlooked important concepts of law critical to Plaintiff's case and

mistakenly failed to adopt proper standards as follows:

> A.  Erroneously applied the strict and prejudicial directives stated by the Court in its
> Order granting leave to amend;
> B.  Erroneously misapplied the law as it relates to an "Involuntary Dismissal" of an
> action by a Plaintiff under Rule 41(b);
> C.  Erroneously applied the law regarding General Rules of Pleading;
> D.  Erroneously applied the General Rules of Pleading as they relate to Pleading
> to be Concise and Direct under Rule 8(e)(2);
> E.  Erroneously misapplied the law as it relates to Defenses and Objections to an
> action under Rule 12(f);
> F.  Erroneously not permitted Amaro to pursue legal action against tortfeasors to
> the extent afforded by direct claim(s) under 42 U.S.C. § 1983 and under the New
> Mexico Tort Claims Act;
> G  Mistakenly overlooked the application of premises liability;
> H.  Inadvertently disregarded the spectrum of claims Amaro stated against
> the private entities operating as agents of/for the State of New Mexico or the
> County of Guadalupe;
> I.  Erroneously not contemplated the extent to which § 1983 and the Tort Claims
> Act allow for recovery of damages from tortfeasors.

(Doc. 79 at 1-9).  Amaro asks the Court to "amend" its Memorandum Opinion and Order and to

"rescind" its standing Judgment.  (Doc. 79 at 11).

Plaintiff Amaro seeks relief under the provisions of Fed. R. Civ. P. 60(b)(1).  Rule 60(b)(1)

provides:

> "On motion and just terms, the court may relief a party or the legal
> representative from a final judgment, order, or proceeding for the
> following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect. . ."

Fed. R. Civ. P. 60(b)(1).  Rule 60(b) is not intended to be a substitute for a direct appeal. *Morris*

*v. Adams–Millis Corp.,* 758 F.2d 1352, 1356–57 (10th Cir.1985). The mistake and inadvertence

provisions in Rule 60(b)(1) provide for the reconsideration of a judgment only where: (1) a party

has made an excusable litigation mistake or an attorney in the litigation has acted without authority

from a party, or (2) where the judge has made a substantive mistake of law or fact in the final

judgment or order. 7 Moore, Federal Practice ¶ 60.22[2], pgs. 60–175–179; *see also Thompson v. Kerr–McGee Refining Corp.,* 660 F.2d 1380, 1384–85 (10th Cir.1981); *Security Mut. Cas. Co. v. Century Cas. Co.,* 621 F.2d 1062, 1067 (10th Cir.1980); *Rocky Mountain Tool & Machine Co. v. Tecon Corp.,* 371 F.2d 589, 597 (10th Cir.1966). *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576–77 (10th Cir. 1996).

Further, Rule 60(b)(1) is not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument. *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991) ("revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original is likewise inappropriate."). *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577–78 (10th Cir. 1996).

Amaro's Rule 60(b)(1) Motion fails on several grounds.  First, the general purpose of Rule 60(b)(1) is to provide a party a vehicle for correcting inadvertence or mistakes made by the party, not by the Court.  *Thompson v. Kerr–McGee Refining Corp.,* 660 F.2d at 1384–8.  Plaintiff Amaro does not assert that he was inadvertent or made any mistake in his handling of his case. Instead, he asserts inadvertence and mistake by the Court.  (Doc. 79 at 1-9).  However, the only mistakes or inadvertence by the Court that may be remedied through Rule 60(b)(1) are substantive mistakes of law or fact.  7 Moore, Federal Practice ¶ 60.22[2], pgs. 60–175–179.

Additionally, Amaro does not claim that the Court made a mistake of fact.  Instead, he argues that the Court incorrectly applied its own orders and the rules of procedure to his case. (Doc. 79 at 1-9).  The Court has reviewed the record and finds no mistake in its application of orders or rules of procedure in this case.  Further, procedural mistake by the Court is not a ground

3

for setting aside a judgment under Rule 60(b)(1).  Instead relief under Rule 60(b)(1) arises only to correct a substantive legal mistake by the Court. 7 Moore, Federal Practice ¶ 60.22[2], pgs. 60–175–179.

Although Amaro claims substantive legal error, such as overlooking the application of premises liability, the Court dismissed the case without prejudice on procedural grounds and did not reach the substantive merits of Amaro's Amended Complaint.  (Doc. 75).  To the extent Amaro argues that the Court misunderstood or misapplied the law under § 1983, the New Mexico Tort Claims Act, or New Mexico premises liability law, regardless of whether the Court disagrees with Amaro, the Court did not reach the merits of Amaro's claims and his arguments provide no basis for the Court to set aside its dismissal of the case under Rule 41(b).  There was no substantive legal error in the Court's ruling and Plaintiff Amaro is not entitled to relief under Rule 60(b)(1).

Last, Amaro's Rule 60(b)(1) Motion seeks to reargue issues previously raised by his objections to Court's Order granting him leave to amend. (*See* Doc. 65; Doc. 79).  However, Amaro may not use Rule 60(b)(1) merely to revisit issues that have already been addressed by the Court.  *Van Skiver v. United States,* 952 F.2d at 1243. Amaro presents no basis for relief under Rule 60(b)(1) in this case and his Motion for relief under Rule 60(b) will be denied.

Amaro does not rely on Fed. R. Civ. P. 59(e) for relief and his Motion is untimely under Rule 59(e).  However, even if the Court construed Amaro's Motion as a request for reconsideration under Fed. R. Civ. P. 59(e), Amaro still is not entitled to relief.  Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995).  A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's

position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Amaro does not rely on any intervening change in the controlling law or new evidence that was previously unavailable.  Instead, the only possible basis for reconsideration would be to correct clear error or prevent manifest injustice. *See* Doc. 79.  However, Plaintiff Amaro does not establish any basis for the Court to reconsider its ruling under either Rule 59(e). The Court properly dismissed Amaro's Amended Complaint without prejudice for failure to comply with the Court's Order and the Federal Rules of Civil Procedure.  Amaro remains free to assert any claims he believes he may have by filing a new proceeding and Amaro has not shown any need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995).[1]  Amaro establishes no basis for reconsideration under either Rule 59(e) or under Rule 60(b)(1) and his Motion will be denied.

IT IS ORDERED that Plaintiff's Motion for Relief from Judgment and Order Pursuant to Rule 60(b) Federal Rules of Civil Procedure filed by Plaintiff Pedro J. Amaro (Doc. 79) is DENIED.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that if Amaro files a new proceeding, there may be statue of limitations defenses to some or all of his claims.  However, (1) many if not all, of the claims he reasserted in the Amended Complaint had already been held to be time-barred, and (2) if there are any new claims, nothing precludes him from raising any argument he may have for tolling application of the statute of limitations, including alleged error by this Court.